## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **CRISTA N. HAIGHT-KNIGHT,** | ) | **CASE NO.  1:14 CV 93** |
| **F.K.A. CRISTA N. HAIGHT-FENTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | **Magistrate Judge Henderson** |
| | ) | |
| **Defendant.** | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Motion for Allowance of Attorney Fee Under Social Security Act filed by Plaintiff, Crista N. Haight-Knight.  (Docket #29.)  Plaintiff seeks attorneys' fees in the amount of $15,992.06, as a court-level contingent fee under 42 U.S.C. § 406(b).  The Commissioner of Social Security filed a Response Brief on September 30, 2021, providing a recitation of the applicable case law; acknowledging that District Courts within the Sixth Circuit have come to various conclusions as to an appropriate hourly rate for an award of attorneys' fees under § 406(b); and, asking the Court to determine an appropriate fee.  (Docket #30.)  Plaintiff filed a Reply Brief on October 18, 2021.  (Docket #33.)

**I.    Procedural Background**

As set forth by Plaintiff, the procedural background of this case is as follows:

Prior to this civil action, Plaintiff Haight-Knight agreed to pay the undersigned a fee of 25% of past-due benefits for her and her family. A copy of the fee agreement is attached hereto as Exhibit 1.

Counsel filed this civil action for Plaintiff, and fully represented Haight-Knight in court, including preparing a full brief and reply brief. This Court entered final judgment on March, 4, 2015, remanding the claim to the Commissioner of Social Security for another hearing. On September 23, 2015, this Court granted attorney fees under the Equal Access to Justice Act (EAJA) in the amount of $7,272.00.

On remand, the undersigned continued to represent Plaintiff Haight-Knight. Another hearing was held by an administrative law judge, who denied the claim again. Counsel filed written exceptions at the Appeals Council, who remanded the her [sic] claim again for another hearing. After this hearing the administrative law judge issued a decision, ruling that Haight-Knight was disabled and awarded Supplemental Security Income (SSI) and Disability Insurance Benefits (Title II). A copy of the Title II award certificate dated January 15, 2020, for the claimant, showing $28,512.00 as being 25 percent withheld for payment of attorney fees, is attached hereto as Exhibit 2. A copy of the Title II award certificate dated April 24, 2020, for the claimant's auxiliary, showing $1,368.00 as being 25 percent withheld for payment of attorney fees, is attached hereto as Exhibit 3.

Counsel relies on the schedule of court-level services by the undersigned that is attached hereto as Exhibit 4, showing a total of 37.3 attorney hours and a statement that counsel's usual non-contingent hourly rate (at the time services were rendered) was approximately $350.00 per hour. Exhibit 5, attached hereto, contains the professional qualifications of Attorney Roose.[1]

Plaintiff Haight-Knight became entitled to approximately $119,520.00 in past-due benefits for her and her family. The agency made a precise calculation and withheld a total of $29,880.00 of past-due benefits for direct payment of fees to Haight-Knight's attorney.

The agency has approved a fee of $13,887.94 for counsel's administrative-level services. The amount of $15,992.06 is still being withheld for payment of attorney fees for court-level services.

---

[1]

As noted in Plaintiff's Reply Brief, Mr. Roose is deceased.  The hours shown on his timesheet and in his EAJA reply were certified by him and were provided to the Court in their original form.  (Docket #33 at Footnote 2.)

(Docket #29 at pp. 1-2.)

**II.    Discussion.**

42 U.S.C. § 406(b)(1)(A) provides, in pertinent part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

As stated by the Sixth Circuit in *Hayes v. Secretary of HHS*, 923 F.2d 418, 420-21 (6th Cir. Ohio 1990):

> Deductions for large fees are permissible under only two circumstances:
>
>> Deductions should generally fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of an inordinately large benefit award or from minimal effort expended.

*Hayes v. Secretary of HHS*, 923 F.2d 418, 420-221 (6th Cir. Ohio 1990)(quoting *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. Mich. 1989)). The Court in *Hayes* explained further:

> A windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts.

*Hayes*, 923 F.2d at 422. While not required, the Court "may require a claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." As explained by the Supreme Court in *Gisbrecht v. Barnhart*, 535 U.S. 789:

> Courts that approach fee determinations by looking first to the contingent-fee

-3-

agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. See, e.g., McGuire, 873 F.2d at 983 ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); *Lewis v. Secretary of Health and Human Servs.*, 707 F.2d 246, 249-250 (CA6 1983) (instructing reduced fee when representation is substandard).  If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. See *Rodriquez*, 865 F.2d at 746-747. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. See *id.*, at 747 (reviewing court should disallow "windfalls for lawyers"); *Wells*, 907 F.2d at 372 (same). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. See *Rodriquez*, 865 F.2d  at 741. Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

*Gisbrecht*, 535 U.S. at 808.

Counsel for Plaintiff stated that he expended a total of 37.3 hours of court-level services and indicated that his usual, non-contingent hourly rate was $350 per hour at the time services were rendered.  Counsel requested fees in the amount of $15,992.06 – 25% of Plaintiff's past due benefits as contemplated under the contingent-fee agreement and § 406(b) – which amounts to an implied hourly rate of $446.71 per hour.  This falls below the "multiplier of 2" standard set forth in *Hayes*.  There is no evidence of improper conduct or ineffectiveness of Counsel in this case, nor is there evidence that an award of the requested attorneys' fees in this case would result in a windfall because of either an inordinately large benefit award or minimal effort expended.  The Commissioner of Social Security does not dispute that Counsel represented Plaintiff diligently and obtained an outstanding result, nor does the Commissioner dispute the fact that Counsel

-4-

rendered services in a skillful and efficient manner.  Based on the foregoing, the contingent fee requested by Counsel for court-level services is reasonable.

## III.    Conclusion.

The Motion for Allowance of Attorney Fee Under Social Security Act (Docket #29) filed by Plaintiff is hereby GRANTED.  Court-level attorneys' fees in the amount of $15,992.06, representing 25% of past-due benefits of Plaintiff, are hereby awarded to Counsel for Plaintiff.

IT IS SO ORDERED.

DONALD C. NUGENT
Senior United States District Judge

DATED: November 19, 2021